MOODY-WARREN COMMERCIAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62495. Promulgated January 23, 1934.

*Thomas J. Warren, Esq.*, for the petitioner.
*James K. Polk, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner claims that its income in the taxable year should be reduced by an amount which it alleges represents a loss sustained in its sheep-feeding operations. The loss claimed is the difference between the cost of feeder lambs purchased some months prior to December 31, 1929, plus feeding costs, and the alleged farm-price value of such lambs at that date. In support of its contention it relies on article 106 (2) (b) of Regulations 74 which, so far as material here, is as follows:

Because of the difficulty of ascertaining actual cost of live stock and other farm products, farmers who render their returns upon an inventory basis may at their option value their inventories for the current taxable year according to the "farm-price method," which provides for the valuation of inventories at market price less cost of marketing. If the use of the "farm-price method" of valuing inventories for any taxable year involves a change in method of valuing inventories from that employed in prior years, the opening inventory for the taxable year in which the change is made should be brought in at the same value as the closing inventory for the preceding taxable year. If such valuation of the opening inventory for the taxable year in which the change is made results in an abnormally large income for that year, there may be submitted with the return for such taxable year an adjustment statement for the preceding year based on the "farm-price method" of valuing inventories, upon the amount of which adjustments the tax, if any be due, shall be assessed and paid at the rate of tax in effect for such preceding year. If an adjustment for the preceding year is not, in the opinion of the Commissioner, sufficient clearly to reflect income, adjustment sheets for prior years may be accepted or required.

The respondent has disallowed the deduction claimed on the authority of section 22 (c) of the Revenue Act of 1928, and in his notice of deficiency sets out his reasons therefor as follows:

(1) The attempt to compute an inventory at the end of the year 1929 does not conform as nearly as may be to the best accounting practice in the trade or business and as clearly reflecting the income.

(2) Throughout Colorado, taxpayers, who are lamb feeders, reporting income on a calendar year basis, invariably defer expenses and report profits or losses at the time when the transaction is completed. Thus on lambs purchased in 1929, fed and sold in 1930, the income of 1930 contains the entire transaction. This custom has been that of your own company for a number of years without complaint or notice of a desire to change.

(3) No weight was taken of the lambs on December 31, 1929, and the Bureau considers the methods used by your company to approximate the value of the lambs at that date are purely estimates and can not be accepted as accurate. Feeder lambs are purchased and sold on basis of price per pound and the absence of an actual weight on December 31, 1929 precludes the taking of an accurate inventory at that time.

(4) The number of lambs which died before and after December 31, 1929 can not be determined which further tends to show that the inventory is not accurate.

(5) The method of arriving at market value December 31, 1929 is not in accordance with the farm price method as prescribed by articles 106 (2) (b) of Regulations 74.

The first four reasons stated by the respondent are fully sustained by the record. The method used by the petitioner in 1929 does not correctly reflect income for that year, since it involves the use of an estimate obtained by applying a formula to the weight of lambs purchased some three months before the end of the year. The inventory in question was not taken by count or weight and its result is no more than an approximation of the weight of the lambs on hand at December 31, 1929. On the other hand, the method of reporting results from lamb-feeding operations used by the petitioner in prior years and generally by all lamb feeders in Colorado, Wyoming, and New Mexico involves neither formulas nor estimates because the accumulated cost of the lambs is a fact of record in the books of the feeder and the amount realized is exactly known. Precise results are obtainable by the simple process of comparing accumulated costs with the known sales price and the difference is either gain or loss determined by a method in which error is avoidable and the determination of true income is certain and accurate. It was therefore wholly within the discretion of the Commissioner to reject the method of the petitioner and prescribe one that truly reflects income, as provided in section 41 of the Revenue Act of 1928.[1]

Even if the petitioner is entitled to use the farm-price method of inventorying lambs on hand at December 31 of the taxable year, which for reasons to be discussed later is at the best extremely doubtful, it has not conformed with the express terms of article 106 (2) (b) of Regulations 74. Its action was a change in method from previous practices, and it has ignored the requirement that the opening inventory of the year in which such change is made must be brought in at the same value as the closing inventory of the preceding taxable year. In our opinion this alone is sufficient answer to the petitioner's contention and completely supports the action of the respondent in disallowing the deduction here claimed.

The regulation under consideration was promulgated because of the difficulty of ascertaining the actual cost of livestock or other

---

[1] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year. (For use of inventories, see section 22 (c).)

farm products in the hands of a farmer at the end of any taxable year. Farmers may, of course, purchase livestock and record the cost thereof, but in many instances all the animals on hand at the end of the year have been bred on the farm, fed with the products thereof, and the necessary work, unchargeable into a cost account, has been done by the farmer or his family without other labor expense. In such conditions the determination of actual cost is so much more than merely difficult that it is practically impossible, and so the farm-price method of inventory valuation is authorized. There is no such situation here. The petitioner knows the exact cost of its lambs at December 31 and asks for the privilege of setting such cost against an estimated farm-price value for the purpose of determining a deductible loss resulting from a decline in market price. The farmer who uses the farm-price method does not offset the result obtained against cost because cost is ignored or is impossible of ascertainment. The farm-price value that he determines simply goes into his total inventory as an element in the computation of income at the end of the year.

The use of the farm-price method for valuing inventories is expressly restricted to farmers. In the circumstances herein it is not clear that the petitioner falls within that classification. It is a corporation engaged in the general mercantile business and certainly to the extent of its operations therein it is a merchant. Only a relatively small number of the lambs in question were fed on land owned by it and there is no evidence that any of the products of either of the small farms which it owned were used in its feeding operations. Such farms were operated by share-croppers and the nature of their products is left wholly to our imagination. The bulk of petitioner's lambs were fed in rented yards located in or near Fort Collins and Cozad, Nebraska. In these circumstances it would appear that petitioner is not a grower of lambs, but a merchant or dealer in such animals.

The fact that the stock in trade of a dealer in animals is fed and may increase in value while on feed is not proof that the dealer is a farmer. Thousands of dealers in poultry, sheep, and other meat animals buy their stock in trade and feed for awhile in coops or yards and then slaughter or sell on the markets, but such activities are far removed from tilling the soil, either in person or by proxy of renters or share-croppers. It may be conceded that to the extent of its operations of its two small farms by share-croppers, the petitioner is a farmer, but there is no evidence that connects its extremely limited farming interests with its very extensive operations as a dealer in lambs.

892

In his brief petitioner cites, discusses, and relies on our decisions in *Pevely Dairy Co.*, 1 B.T.A. 385, and *Elmer R. Wallingford*, 4 B.T.A. 634. In our opinion neither is in point here. In each case the petitioner inventoried livestock on hand at the end of the taxable year by the usual method and the only controversy related to an adjustment of inventory to conform to decline in market price, and neither used nor sought to use the farm-price method. It is obvious, therefore, that those decisions have no bearing on the issue here.

In our opinion the petitioner has failed to show error in the determination of the Commissioner or to prove that its own procedure correctly determines income. The determination of the respondent is affirmed. *Twin Ports Bridge Co.*, 27 B.T.A. 346.

*Decision will be entered for the respondent.*